IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00416-PAB
Criminal Action No. 11-cr-00090-PAB
**(The above civil and criminal action numbers must appear on all future papers sent to the court in this action.  Failure to include these numbers may result in a delay in the consideration of your claims.)**

UNITED STATES OF AMERICA,

v.

1.   WINFRED MITCHELL GREEN,

   Movant.

---

**ORDER DIRECTING MOVANT TO FILE AMENDED 28 U.S.C. § 2255 MOTION**

---

Movant, Winfred Mitchell Green, is a prisoner in the custody of the Federal Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Beaumont, Texas.  He has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket No. 73].  The Court must construe the motion to vacate liberally because Mr. Green is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Green will be directed to file an amended motion to vacate.

Mr. Green pleaded guilty in this Court to one count of possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On February 16, 2012, he was sentenced to eighty-one months of imprisonment and to four years of supervised release.  Judgment was entered on the docket on March 2, 2012 [Docket No. 70].  Mr. Green did not file a direct appeal.  On February 15, 2013, he filed a motion to vacate his conviction in this Court.

Mr. Green has failed to use the Court-approved form for filing a 28 U.S.C. § 2255 motion.  In addition, Mr. Green fails to assert any claims on the form he used, instead attaching a thirty-eight-page memorandum that fails to make clear the exact claim or claims he is asserting.  Pursuant to Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts, Mr. Green must "specify all the [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (discussing identical rules applicable to 28 U.S.C. § 2254 applications).  Naked allegations of constitutional violations are not cognizable.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Therefore, Mr. Green will be ordered to file an amended motion to vacate.  In the amended motion, he must allege, clearly and concisely, the specific claims for relief he is asserting, as well as the specific facts that support each asserted claim, if he wishes to pursue his claims in this action.

Accordingly, it is

ORDERED that Movant, Winfred Mitchell Green, file with the Court **within thirty days from the date of this order** an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the directives of this order. Any papers Mr. Green files in response to this order must include the assigned civil action number.  It is further

ORDERED that Mr. Green shall obtain the Court-approved Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](www.cod.uscourts.gov), and use that form in submitting the amended motion to vacate. It is further

ORDERED that, if Mr. Green fails to file an amended motion to vacate as directed **within thirty days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED February 20, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge