IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00090-PAB-1
Civil Action No. 13-cv-00416-PAB

UNITED STATES OF AMERICA,

      Plaintiff-Respondent,

v.

WINFRED MITCHELL GREEN,

      Defendant-Movant.

---

## AMENDED ORDER DENYING 28 U.S.C. § 2255 MOTION

---

      This matter comes before the Court on movant Winfred Mitchell Green's Motion

under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in

Federal Custody [Docket No. 80], wherein movant seeks to have his sentence vacated

and reduced in Criminal Case No. 11-cr-00090-PAB-1. All docket references in this

Order will be to the criminal case. In light of movant's *pro se* status, the Court interprets

his motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

      On July 8, 2011, movant pled guilty to counts two and three of the indictment,

which charged him with possession with intent to distribute 500 grams or more of a

mixed substance containing detectable amounts of cocaine, in violation of 21 U.S.C.

§ 841(a)(1) and (b)(1)(A), and possession of a firearm and ammunition subsequent to a

felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Docket No. 42.

Movant also pled guilty to count one of an information charging him with possession

with intent to distribute 28 grams or more of a mixed substance containing "crack" cocaine in violation of 21 U.S.C. § 841(b)(1)(B).  *See id.*  The plea agreement stipulated that movant possessed 278.27 grams of cocaine base and 1,481.51 grams of cocaine hydrochloride and that, as a result, the parties estimated his base offense level as 34. Docket No. 40 at 7-8.

Movant's sentencing hearing took place on February 16, 2012.  Docket No. 87. Based on the amount of crack and powder cocaine in movant's possession, converted to its marijuana equivalent pursuant to Application Note 10 of U.S.S.G. § 2D1.1,[1] the Probation Department calculated a base offense level of 32.  Docket No. 63 at 8, ¶ 21. Because movant possessed a dangerous weapon, the Probation Department applied a two-level enhancement under § 2D1.1(b)(1), *id.* ¶ 22, and applied a three level reduction based on acceptance of responsibility, resulting in a total offense level of 31. *Id.* ¶ 27.  The Court found that the total offense level was calculated correctly, and that the Guidelines provided an advisory range of 108 to 120 months imprisonment.  Docket No. 87 at 33-34.  Pursuant to the plea agreement, respondent moved for a downward departure pursuant to Section 5K1.1 of the Guidelines.  Docket No. 54.  The Court granted respondent's motion for a downward departure at sentencing in the amount of 25% from the bottom of the advisory guideline range.  Docket No. 67.  The Court sentenced movant to a term of 81 months as to Counts Two and Three of the indictment, and 81 months as to Count 1 of the information, all terms to run concurrently.  Docket No. 87 at 37.

---

[1]Unless indicated otherwise, references to the Guidelines are to the 2011 guidelines, which were in effect at the time of movant's sentencing.

2

Movant claims that the Court used the incorrect base offense level as the starting point to calculate his sentence, which resulted in a sentence that was beyond what movant agreed to in his plea agreement.  Docket No. 80 at 5.  Respondent urges the Court to deny the motion for three reasons: (1) movant waived his right to file a collateral attack on his sentence in the plea agreement, (2) movant's objection to his sentencing does not present a cognizable issue under 28 U.S.C. § 2255, and (3) movant's sentence was properly determined under the Sentencing Guidelines.  *See generally* Docket No. 90.  The Court need not address the last two arguments, as it finds that the first argument, waiver of movant's right to file a collateral attack, is sufficient to deny the motion.

In the plea agreement, movant agreed to waive his right to file a collateral attack on his conviction or sentence under 28 U.S.C. § 2255.  The plea agreement states, in relevant part:

> The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255, unless there is an explicitly retroactive change in the applicable guidelines or sentencing statute or where there is a claim that the defendant was denied the effective assistance of counsel in the entry of the guilty plea or at sentencing.

Docket No. 40 at 4.

A collateral attack waiver is enforceable so long as "(1) the disputed . . . collateral attack falls within the scope of the waiver of . . . collateral rights, (2) the defendant's waiver of his . . . collateral rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice."  *United States v. Andrews*, 471 F. App'x 824, 827 (10th Cir. 2012) (quoting *United States v. Hahn*, 359

3

F.3d 1315, 1325 (10th Cir. 2004)) (alteration marks omitted).  The miscarriage of justice

factor includes "(1) where the district court relied on an impermissible factor such as

race, (2) where ineffective assistance of counsel in connection with the negotiation of

the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory

maximum, or (4) where the waiver is otherwise unlawful."  *Id.* at 827, n.1 (quotation and

alterations omitted).

The Court finds that the instant motion falls within the scope of the collateral

attack waiver, since the waiver provision in movant's plea agreement explicitly

references motions brought under 28 U.S.C. § 2255.  Docket No. 40 at 4.

As to the second *Andrews* requirement, that the waiver was knowing and

voluntary, the Court has reviewed the transcripts of movant's change of plea and

sentencing hearings and has satisfied itself that movant knowingly and voluntarily

waived his collateral attack rights.  At movant's July 2011 change of plea hearing, the

Court asked movant whether he understood the meaning of the collateral attack waiver.

Docket No. 90-1 at 9.  Although movant initially responded that he did not know what a

"collateral attack" was, the Court allowed movant to discuss the matter with his counsel,

after which movant acknowledged under oath that his counsel had explained the

meaning of the collateral attack waiver and that movant understood what it meant.  *Id.*

The Court further informed movant that the waiver meant that he would not be able to

file a collateral attack on his conviction or sentence except in the event of an explicitly

retroactive change in the guidelines or sentencing statute or if he were to claim that he

was denied effective assistance of counsel.  *Id.*  Movant did not object to the waiver

provision at his sentencing hearing.  *See* Docket No. 87.

4

With respect to the third *Andrews* requirement, that enforcing the waiver will not result in a miscarriage of justice, movant does not argue that he was denied effective assistance of counsel in entering his plea or that the Court relied on an impermissible factor such as race.  Moreover, given that the statutory maximum under 28 U.S.C. § 841(b)(1)(A) is life imprisonment, the Court's sentence did not exceed the statutory maximum.  Thus, the Court construes movant's argument as a claim that enforcing the collateral attack waiver would be unlawful because movant did not understand that he was agreeing to a sentence as long as 81 months when he entered into his plea.

Movant argues that he agreed only to be sentenced at "the applicable guideline range for the crimes to which he admitted guilt."  Docket No. 93 at 3.  Movant initially claimed that he pled guilty only to the powder cocaine charge and that the Probation Department erroneously added the weight of the cocaine base into its calculation of his offense level.  Docket No. 80 at 5.  Respondent, however, notes that movant also pled guilty to Count 1 of the information, possession of 28 grams or more of cocaine base pursuant to 21 U.S.C. § 841(b)(1)(B), and that movant's offense level properly took into account the 278.27 grams of crack cocaine that movant stipulated he possessed.  Docket No. 90 at 15.  Movant replies that the Court should have used a base offense level of 26 (before adjustments) as its starting point, based on the marijuana equivalent of 28 grams of cocaine base.  Docket No. 93 at 3.

Movant's representations about his understanding of how his offense level would be calculated are not supported by the record.  The plea agreement, which movant signed, estimated a substantially higher guideline range than the Court determined the guideline range to be.  Applying the equivalency tables in the 2010 Guidelines to the

5

amount of narcotics found in movant's possession (including the 278.27 grams of cocaine base), the plea agreement provided for an adjusted offense level of 33. Docket No. 40 at 9. Moreover, at his July 2011 change of plea hearing, the Court informed movant that, based on the calculations using the 2010 equivalency tables, his sentencing range would be either 188 to 235 months or 235 to 293 months, depending on whether the Court applied the two-level enhancement for possession of a dangerous weapon. *See* Docket No. 90-1 at 14-15. Movant indicated that he understood those estimates. *Id.* at 15. After applying the anticipated 25% reduction to the low end of the guideline range, which the government indicated it would request in its § 5K1.1 motion, the plea agreement estimated that movant's sentence would be either 141 months or 176 months. Yet now, movant suggests that his plea should be vacated because he could not have anticipated his 81-month sentence, even though that sentence turned out to be lower than the lowest possible sentence estimated in his plea agreement.

The Court sees no basis to conclude that enforcing the collateral waiver in movant's plea agreement would result in a miscarriage of justice. Movant entered into his plea agreement understanding that it was calculated based on the applicable equivalency tables using the amount of narcotics that he stipulated to possessing. In that agreement, movant expressly waived his right to bring the instant motion, and he has not identified any circumstance that would cause the Court to conclude that the waiver should not be enforced.

Under Rule 11(a) of the Section 2255 Rules, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if

6

the applicant has made a substantial showing of the denial of a constitutional right."

Such a showing is made only when "a prisoner demonstrates 'that jurists of reason

would find it debatable' that a constitutional violation occurred, and that the district court

erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009)

(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In the present case, the Court

concludes that movant has not made a substantial showing of the denial of a

constitutional right.  Therefore, the Court will deny a certificate of appealability.

Accordingly, it is

**ORDERED** that movant Winfred Mitchell Green's Motion to Vacate, Set Aside, or

Correct Sentence Pursuant to 28 U.S.C. § 2255 [Docket No. 80] is **DENIED**.  It is

further

**ORDERED** that pursuant to 28 U.S.C. § 2253(c)(2) and Rule 11 of the Rules

Governing Section 2255 Proceedings for the United States District Courts, a certificate

of appealability is **DENIED**.

DATED November 17, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge