IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Case No. 11-cr-00090-PAB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. WINFRED MITCHELL GREEN,

    Defendant.

## ORDER

This matter comes before the Court on the letter from defendant Winfred M. Green dated August 23, 2018 [Docket No. 108] which the Court construes as a motion for early termination of supervised release. The defendant has been on supervised release for approximately twenty-nine months, which makes him statutorily eligible for early termination, pursuant to 18 U.S.C. § 3583(e)(1).

The Probation Department filed a response to the defendant's request, Docket No. 110, wherein it opposed the Court granting it on the grounds that Mr. Green does not meet all of the criteria set forth by the Judicial Conference Committee on Criminal Law. Specifically, the Probation Department noted that Mr. Green has a history of violence, namely, convictions for Conspiracy to Commit First Degree Murder and Attempt to Commit First Degree Murder in 1977 in Colorado state court. *Id.* at 1. The Probation Department noted that the defendant has remained compliant with the terms of supervised release, has a stable residence and job, and has complied with random

urine screens. In fact, the Probation Department states that Mr. Green "has done exceptionally well since release from custody." *Id*. at 2. Nevertheless, given his conviction in 1977, the Probation Department recommends that Mr. Green remain on supervision until May 2020.

The defendant's violent crime is forty years old. It involved a victim who claimed that he was shot because he stole drugs from Mr. Green; the man claimed that Mr. Green ordered a "hit" on him. The triggerman turned himself in and stated that he was hired by Mr. Green to kill the victim. Docket No. 63 at 10. Despite the age of that conviction, more recent actions of Mr. Green make that conviction relevant to whether it is appropriate to terminate supervision early. In this case, which occurred in 2011, the police obtained a search warrant for Mr. Green's residence, where they found a Glock .40 caliber pistol and five magazines as well as evidence of drug dealing. Thus, it is clear that Mr. Green was prepared, just as he was prepared in 1977, to use deadly force against anyone who attempted to steal his narcotics.

The Court commends Mr. Green's compliance with the terms and conditions of supervision. Mr. Green appears to be leading a law abiding life. However, it is appropriate for the safety of the community that Mr. Green finish his term of supervised release. Wherefore, it is

**ORDERED** that defendant's letter [Docket No. 108], construed as a motion for early termination of supervised release, is denied.

DATED October 30, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge